IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE MOSKOVIC AND ALEXANDER
MOSKOVIC,

      Plaintiffs,                                Case No. 1:21-cv-00144

v

CITY OF NEW BUFFALO,
a municipal corporation,

      Defendant.

---

Stephen A. Hilger (P44776)
Daniel J. Hatch (P79258)
Hilger Hammond
Attorneys for Plaintiffs
220 Lyon Street NW, Suite 410
Grand Rapids, MI  49503
(616) 458-3600
dhatch@hilgerhammond.com

---

## PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Joanne and Alexander Moskovic state as follows for their Complaint against Defendant the City of New Buffalo:

### INTRODUCTION

1.     Certain members on the New Buffalo City Council feel that short-term vacation rental properties undermine the character and stability of their local neighborhoods, despite the significant economic benefits the short-term rental industry provides to the local community and businesses in New Buffalo. Therefore, on April 15, 2019, the New Buffalo City Council adopted its first general ordinance which placed regulations on short-term rental properties to ensure that

short-term rental properties are operated "in a safe and controllable manner and for the well-being of the community."

2.     The short-term rental ordinance requires all property owners to apply for and be issued a short-term rental permit to lawfully operate their property as a short-term rental.  And while the ordinance recognizes that "one of [New Buffalo's] largest industries is tourism" and specifically states "the intent of these regulations is *not* to restrict or eliminate short-term rentals" the City subsequently enacted a moratorium which prevents property owners from applying for and obtaining a short-term rental permit. The moratorium, which remains in place for fifteen months, is an unlawful exercise of the City's police power, violates the doctrine of legislative equivalency, and contradicts the ordinance's stated purpose as it both restricts and eliminates short-term rentals.

3.     The City's decision to enact by resolution a moratorium that effectively suspends or amends the existing short-term rental ordinance demonstrates the City's intent to destroy Plaintiffs' (and all other similarly situated property owners') ability to register and use their property as a short-term rental until the City permanently prevents the owners from using their property as a short-term rental by adopting a zoning ordinance that caps the total number of short-term rentals allowed to operate at the number of properties that are currently registered as short-term rentals. This course of action is contrary to Michigan law, violates Plaintiffs' due process and equal protection rights afforded by the Michigan and United States Constitutions, and followed deliberations held in violation of Michigan's Open Meetings Act.

4.     The City's actions, described more fully below, violate Plaintiffs' legal rights and require relief, including but not limited to the invalidation of the moratorium and the processing

of Plaintiffs' short-term rental permit application pursuant to the ordinance as it existed at the time of submission, along with money damages.

a.      Contemporaneously with the filing of this Complaint, Plaintiffs have filed a Motion for Preliminary Injunction which seeks immediate relief that authorizes Plaintiffs to continue to peaceably operate their property as a lawful short-term rental or, in the alternative, enjoin the City from using the moratorium as a means to unlawfully restrict Plaintiffs' right to apply for and be issued a short-term rental unit permit.

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

5.      Plaintiffs Joanne and Alexander Moskovic are husband and wife and permanently reside in Vernon Hills, Illinois.

6.      Defendant City of New Buffalo is a municipal corporation existing under the laws of the State of Michigan with its principal office at 224 W Buffalo St, New Buffalo, MI 49117.

7.      This Court has jurisdiction over the subject matter of this action:

a.      under 28 U.S.C. § 1331, because the claims asserted herein arise under the Constitution, laws, or treaties of the United States;

b.      under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 exclusive of interest and costs and the dispute is between citizens of different states; and

c.      under 28 U.S.C. § 1367 as to all other claims that are so related to claims over which this Court has original jurisdiction that all such claims form part of the same case or controversy.

8.      Defendant is located in this district and therefore this Court is a proper venue for this action under 28 U.S.C. § 1391(b).

## Plaintiff's' Short-Term Rental Property

9.      In 2014, Plaintiffs purchased the single-family home located at 428 S. Berrien Street, New Buffalo, Michigan ("Property") as an investment property with the specific intent to use the property as a short-term rental.

10.     At the time Plaintiffs purchased the Property, Plaintiffs' use of the Property as a short-term rental was a lawful, accepted, known, and unregulated use.

11.     Since that time, Plaintiffs have continuously and peaceably operated the Property as a short-term rental for approximately seven years.

12.     Plaintiffs have a vested property right in the operation of their Property as a short-term rental.

13.     Plaintiffs publicly advertise the Property as a short-term rental on websites such as VRBO, Airbnb, and Evolve and have never attempted to conceal the fact they operate the property as a short-term rental.

## The Short-Term Rental Ordinance

14.     Despite the recognized benefits that tourism and short-term rentals provide to the community of New Buffalo, the City has engaged in a scheme to unlawfully prohibit Plaintiffs' use of the Property as a short-term rental in violation of Plaintiffs' constitutional rights.

15.     On April 15, 2019, the City adopted its first general ordinance ("Ordinance 237") that placed restrictions on short-term rental properties. **Exhibit 1**.

16.     Ordinance 237 requires, among other things, that short-term rental owners apply for and be issued a short-term rental permit to operate a short-term rental property lawfully within the City's limits. **Exhibit 1**, Sec. 11-3(B).

17.    Ordinance 237 states "a short-term rental unit *shall* be granted…if the requirements in this ordinance for short-term rental units and applications for a short-term rental unit permit are met." **Exhibit 1**, Sec. 11-4(C).

18.    There is no cap or other restriction in Ordinance 237 that limits the total number of short-term rentals unit permits the City can issue.

19.    There is no deadline in Ordinance 237 by which property owners must apply for a short-term rental permit.

20.    Ordinance 237 remains in effect today.

21.    Section 11-1 of Ordinance 237 entitled "Purpose" recognizes "one of ["New Buffalo's] largest industries is tourism" and that "a major part of the tourism industry is the short-term rental or vacation rental marketplace." **Exhibit 1**, Sec. 11-1.

22.    Section 11-1 goes on and specifically states "the intent of these regulations is ***not*** to restrict or eliminate short term rentals." *Id*.

23.    Prior to the adoption of Ordinance 237, the City Mayor, John O'Donnell, commented at a City Council meeting that a direct mailing would be sent to the property owners in New Buffalo to explain the process of Ordinance 237.  **Exhibit 2**.

24.    After the adoption of Ordinance 237, the City sent direct mailings to *some* property owners who were operating short-term rentals advising them of Ordinance 237 and the process of how to apply for and obtain a short-term rental permit.

25.    However, the City did not send direct mailings or any other notice to *all* property owners operating short-term rentals in New Buffalo regarding Ordinance 237.

26.    Plaintiffs are among those property owners who did not receive any mailing from the City regarding Ordinance 237.

27.     The City notified Plaintiffs of Ordinance 237 and the short-term rental permit requirement on January 4, 2021—630 days after Ordinance 237 was adopted.

### The Moratorium

28.     On May 18, 2020, the City Council held a meeting and adopted a resolution ("Resolution 2020-11") relating to Ordinance 237, which imposed an eight-month moratorium on all applications for and registrations of short-term rental units in New Buffalo ("Moratorium"). **Exhibit 3**.

29.     Resolution 2020-11 suspended the procedures set forth in Ordinance 237 which allow property owners to apply for and be issued a short-term rental unit permit.

30.     There was *no notice* provided to the public regarding the Moratorium before the City Council passed Resolution 2020-11 adopting the Moratorium, ostensibly pursuant to its police power.

31.     Indeed, Resolution 2020-11 was drafted and prepared in private by the City before the May 18, 2020 meeting, was proposed with *no public notice*, and was not made available to the public in advance of the meeting.

32.     In fact, the City attorney had never seen or reviewed Resolution 2020-11 prior to the meeting during which it was adopted by a unanimous 5-0 vote of the City Council.  **Exhibit 3**.

33.     After Resolution 2020-11 was adopted, the Moratorium was not published on the City's website or elsewhere for the public to access.

34.     Resolution 2020-11 states "the City Council is concerned that further increases in short-term rentals in certain areas of the City could undermine the character and stability of neighborhoods in certain districts" and therefore "has determined to impose a temporary moratorium on short term rental registrations." **Exhibit 3.**

35.     While Ordinance 237 specifically states its intent is "*not* to restrict or eliminate short-term rentals," Resolution 2020-11 contradicts Ordinance 237 by imposing the Moratorium which prevents property owners from applying for their short-term rental permits and, thereby, lawfully renting their properties on a short-term basis.

**The Revised Moratorium**

36.     On June 15, 2020, again with no notice to the public, the City modified the May 18, 2020 Moratorium through a second resolution ("Resolution 2020-16") which carves out exceptions to the Moratorium and benefits a very narrow subset of property owners "who made substantial investments in prospective rental properties prior to the date of the resolution." **Exhibit 4**.

37.     Specifically, Resolution 2020-16 allows City staff to accept and process short-term rental applications for property owners who applied for a permit on or before July 15, 2020 if the applicant: (1) took title to the property between March 1, 2020 and May 18, 2020 with the intent to use the property as a short-term rental; (2) recently completed construction or renovations on the property with the intent to use the property as a short term rental; (3) entered into a contract, on or before May 18, 2018 to purchase the property with the intent to use it for short term rental, but had not yet closed as of that date; or (4) as of May 18, 2018, had a valid building permit for the construction of a new dwelling or renovation of an existing dwelling where the construction or renovations were intended to render the property suitable for short term rentals.

38.     The exceptions set forth in Resolution 2020-16 were carefully tailored to cater to a very limited number of property owners in New Buffalo.

39.     On December 21, 2020, again with no notice to the public, the City extended the Moratorium for an additional eight months through August 31, 2021.

40. The Moratorium precludes Plaintiffs and other property owners from applying for and obtaining short-term rental permits for fifteen months.

41. The Moratorium was intended to delay and ultimately prevent Plaintiffs, and other similarly situated property owners, from applying for and registering their property as a short-term rental before the City adopts a zoning ordinance which caps the total number of short-term rentals allowed to operate in the City at the number of short-term rentals that are currently registered with the City.

42. Indeed, the City Mayor confirmed the Moratorium was always intended to be a cap on the number of short-term rental units in New Buffalo.



**John Humphrey , Mayor of the City of New Buffalo**
January 29 at 3:30 AM ·

Tonight we took the first step toward real , proactive forward thinking change in how this town manages short term rentals and our vacation rental industry, unfortunately reactionary forces exploded and complained of being treated as "second class" citizens. Which is rather ironic as that was the claim of many of us last summer who felt we had no voice. Its unfortunate that the draft document unwittingly being called a 1st Read created so much of an uproar for our legacy Vacation Rental folks who I know are on the right side of this. I will continue to work with them and separate them from the outliers and naysayers who never bothered to look into what they were getting themselves into before they bought property here and are now crying foul. Its unfortunate the 90 min public comment diffused our ability to walk thru the ordinance and discuss the nuance of the real issues. To somehow claim your right to profit is greater than your neighbors quality of life is outrageous to me and should be to you too if you care about this community. The moratorium will eventually become a cap, its inevitable how much we raise that cap or not depends on much public discussion from those of us that need to manage the successful operation of this City from both a fiscal and public safety perspective. To people failing their arms in outrage by my stance tonight, I say where have you been? You certainly don't live in my neighborhood. Do you spend enough time here to even understand why we are at this point?, Clearly not. To my supporters- We will public manage this , safely and effectively , I will continue to fight for you and not back down. We are in this together and we will restore equity and fairness to this community and work to move forward where our towns future isn't tied to artificial property values or gambling on real estate. Thank You.

### Plaintiffs' Short-Term Rental Permit Application

43. Pursuant to Ordinance 237, Plaintiffs are required to obtain a short-term rental permit from the City to operate their property as a short-term rental.

8

44. The City first notified Plaintiffs of Ordinance 237 and the short-term rental permit requirement on January 4, 2021.

45. On that date, Joanne Moskovic received a telephone call from New Buffalo Compliance Officer, Gail Gross, informing her she was in violation of an ordinance which requires a permit to operate as a short-term rental, but that there was a moratorium in place preventing her from applying for a permit.

46. Prior to January 4, 2021, Plaintiffs received no notice from the City of Ordinance 237, the short-term rental application requirement, the Moratorium, the modification to the Moratorium, or the extension of the Moratorium by mailing at either their New Buffalo or Illinois address or by telephone, email, or any other method of notice.

47. Plaintiffs receive their tax and water bills from the City at their permanent address in Illinois, and the City has been in possession of Plaintiffs' email address, phone number, and permanent address for seven years, since their purchase of the property in 2014.

48. Despite possessing this information, the City never provided Plaintiffs with any notice of Ordinance 237 prior to January 4, 2021.

49. Further, Plaintiffs were never issued a citation for violating Ordinance 237 and were never informed by anyone from the City that they needed to apply for a short-term rental permit.

50. Had Plaintiffs been provided with notice of Ordinance 237 or the Moratorium, they would have submitted their application and paid the nominal fees to obtain a short-term rental permit prior to the adoption of the Moratorium.

51. On January 21, 2021, Plaintiffs submitted their short-term rental permit application to the City.

52.     Plaintiffs' short-term rental application includes all the information and application fees required under Ordinance 237 and is otherwise consistent with Section 11-3 of the Ordinance.

53.      On February 2, 2021, the City emailed Plaintiffs indicating it was returning their application fee and their short-term rental application would not be processed.  **Exhibit 5**.

54.     Prior to the Moratorium, short-term rental applications were accepted, and the City processed and issued short-term rental permits without delay.

55.     Moreover, during the Moratorium, the City accepted short-term rental applications from certain property owners submitted *after* the Moratorium was adopted and issued those property owners short-term rental unit permits.

56.     The City has failed or otherwise refused to consider Plaintiffs' short-term rental application.

57.     The City has failed or otherwise refused to issue a Plaintiffs a short-term rental permit.

58.     Due to Plaintiffs' inability to obtain a short-term rental permit, along with the City's threat of enforcing Ordinance 237 against them, Plaintiffs have been forced to cancel multiple existing reservations and are unable to offer the Property as a short-term rental during their busiest seasons.

**COUNT I**
**VIOLATION OF THE DOCTRINE OF LEGISLATIVE EQUIVALENCY**

59.     Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs of this Complaint.

60.     In Michigan, an ordinance may not be suspended or amended by resolution. *Tuscola Wind III, LLC v. Ellington Twp.*, No. 17-CV-11025, 2018 WL 1291161, at *7 (E.D. Mich. Mar. 13, 2018); see also *McCarthy v. Vill. of Marcellus*, 32 Mich. App. 679, 688–89 (1971) ("An

ordinance or resolution cannot be amended, repealed, or suspended by another act by a council of less dignity than the ordinance or resolution itself."); *City of Saginaw v. Consumers' Power Co.*, 213 Mich. 460, 469 (1921). ("[A]n ordinance may not be repealed or amended without action of equal dignity to that required in its enactment."); *Lorencz v. Brookfield Twp.*, No. 319235, 2015 WL 1931967, at *2 (Mich. Ct. App. Apr. 28, 2015) ("[A]n ordinance may only be repealed by an act of equal dignity, which requires the township to repeal by ordinance and not resolution."); *Lee v. City of Taylor*, 63 Mich. App. 221, 223 (1975) ("It is settled that a municipal corporation may only repeal an ordinance by an act of equal dignity and formality."); Expiration and suspension, 5 McQuillin Mun. Corp. § 15:40 (3d ed.) ("A city may suspend an ordinance by ordinance. However, the operation of an ordinance cannot be suspended by the act of municipal officers, even though the suspension is attempted by resolution.") (emphasis added).

61.     This is the doctrine of legislative equivalency.

62.     Section 7.3(c) of the New Buffalo City Charter provides "an ordinance may be repealed or amended only by an ordinance passed in the manner in this section." **Exhibit 6.**

63.     Ordinance 237 requires short-term rental owners to apply for and be issued a short-term rental permit to lawfully operate a short-term rental property.

64.     Resolution 2020-11 and Resolution 2020-16, along with all extensions thereto, impose a moratorium on property owners' right to apply for and obtain a short-term rental permit in New Buffalo and constitute a suspension or amendment of Ordinance 237.

65.     Because Ordinance 237 was adopted as a general ordinance, under the doctrine of legislative equivalency the Moratorium may not be imposed by resolution.

66.     Because Ordinance 237 was adopted as a general ordinance, pursuant to New Buffalo City Charter the Moratorium may not be imposed by resolution.

67.     Accordingly,  Resolution  2020-11  and  Resolution  2020-16,  along  with  all extensions thereto which impose a moratorium on Plaintiffs' ability to apply for and be issued a short-term rental unit permit by the City, are unlawful and should be declared void.

## COUNT II
## VIOLATION OF THE COMMERCE CLAUSE,
## U.S. CONST. ART. I, SEC. 8, CL. 3, AND 42 U.S.C. § 1983

68.     Plaintiffs  reallege  and  incorporate  by  reference  the  allegations  in  all  preceding paragraphs of this Complaint.

69.     The Commerce Clause of the United States Constitution reserves the power to regulate interstate and foreign commerce to Congress.

70.     Because these powers are reserved to Congress, individual states may not unduly burden interstate commerce.

71.     Plaintiffs' business services and the rental of their Property impact the flow of interstate commerce.

72.     Resolution 2020-11 and Resolution 2020-16, along with all extensions thereto which impose a moratorium on Plaintiffs' ability to apply for and be issued a short-term rental unit permit by the City, impose a burden on interstate commerce and on Plaintiffs that is clearly excessive in relation to the putative local benefits.

73.     The Moratorium prohibits Plaintiffs from applying for and operating their short-term rental business in New Buffalo.

74.     In the short term, the Moratorium has the effect of damaging Plaintiffs' relationship with their online booking vendors and depriving Plaintiffs of all revenue they derive from the only service they offer—*i.e.*, lodging.  Plaintiffs have already experienced this hardship as they were forced to cancel multiple existing reservations and are unable to offer the property for short-term

rent during their busiest and most profitable seasons (*i.e.*, spring and summer) due to the Moratorium.

75.     The Moratorium also puts Plaintiffs' employees—including maintenance workers, lawn care providers, and cleaners—out of work and deprives them of their paychecks.

76.     Small businesses like Plaintiffs operate on thin margins due to overhead expenses and limited reserves. If Plaintiffs and other similarly situated property owners are unable to rent their properties as short-term rentals, they will be forced to close their doors and go out of business.

77.     This will have a devastating impact on one of New Buffalo's biggest assets: tourism.  Indeed, the City recognizes that "one of our largest industries is tourism" and "a major part of the tourism industry is the short-term rental or vacation marketplace."  **Exhibit 1.**

78.     For example, the City estimates that there are more than 300 properties operating as short-term rentals in the City. **Exhibit 7**.

79.     Prior to the Moratorium, the City accepted approximately 150 applications and issued at least 150 short-term rental permits.

80.     The City is using the Moratorium as a vehicle to prevent the issuance of any further short-term rental permits until a cap on the total number of short-term rentals can be imposed through a zoning ordinance.

81.     The City has further indicated the cap will be in line with the current number of existing short-term rental permits (*i.e.*, 150).

82.     This means, due to the Moratorium, the number of short-term rentals operating in New Buffalo will be cut in half.

83.     Requiring at least 150 property owners to cease operating as short-term rentals will have a broad impact on interstate commerce, including but not limited to significantly fewer

travelers from other states and fewer dollars spent at local food and retail businesses.  Along with a 50% cut in short term rentals comes a 100% cut in the amount of money those guests spend in the community on food, transportation, arts, entertainment, recreation activities, and retail shopping.

84.     The Moratorium incapacitates Plaintiffs' business operations and causes job loss, loss of business revenue, and permanent closure of valuable short-term rental businesses in New Buffalo.

85.     The Moratorium greatly "burden[s] the interstate flow of [ ] commerce." *Byrd v. Tennessee Wine & Spirits Retailers Ass'n*, 883 F.3d 608, 623 (6th Cir. 2018), *aff'd sub nom. Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019).

86.     Accordingly, Resolution 2020-11 and Resolution 2020-16, along with all extensions thereto which impose a moratorium on Plaintiffs' ability to apply for and be issued a short-term rental unit permit by the City, constitute an unconstitutional regulation of commerce and/or undue burden on that commerce in violation of the Commerce Clause of the United States Constitution.

87.     42 U.S.C. §1983 permits Plaintiffs to seek declaratory and injunctive relief and/or damages for deprivation of their constitutional rights.

88.     Plaintiffs are entitled to declaratory and injunctive relief as well as money damages, attorney's fees and costs, and all other appropriate relief to vindicate the City's violation of the Commerce Clause of the United States Constitution.

**COUNT III**
**VIOLATION OF THE MICHIGAN OPEN MEETINGS ACT**

89.     Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs of this Complaint.

90.     Under the Michigan Open Meetings Act, a meeting of a public body must be open to the public. M.C.L. § 15.263(1).

91.     In addition, all deliberations and decisions of a public body shall be made at a meeting open to the public. M.C.L. § 15.623(2) and (3).

92.     The City Council met and deliberated in private at one or more times before adopting Resolution 2020-11 (and the Moratorium) at the May 18, 2018 City Council meeting.

93.     There was *no public notice* provided regarding the Moratorium before the City Council passed Resolution 2020-11 adopting the Moratorium, ostensibly pursuant to its police power.

94.     Again, the City Council met and deliberated in private at one or more times before adopting Resolution 2020-16 at the June 15, 2020 City Council meeting.

95.     There was *no public notice* provided regarding the amendments to the Moratorium before the City Council passed Resolution 2020-16 adopting the amended Moratorium, ostensibly pursuant to its police power.

96.     They City Council failed to comply with the Open Meetings Act in their decision to impose the Moratorium and amend the Moratorium.

97.     Under the Michigan Open Meetings Act, a decision of a public body may be invalidated if the public body has not complied with open meetings requirement in making the decision. M.C.L. § 15.270(2).

98.     Accordingly, the Moratorium should be invalidated.

**COUNT IV**
**VIOLATION OF SUBSTANTIVE DUE PROCESS AND 42 U.S.C. § 1983**

99.     Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs of this Complaint.

100.    The United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V, XIV.

101.    The Michigan Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. Mich. Const. art. 1, § 17.

102.    The City may only enact ordinances and resolutions which comply with its Charter and the Michigan and United States Constitutions.

103.    The Moratorium, as applied to Plaintiffs, is not rationally related to a legitimate government intertest.

104.    The Moratorium was enacted as a resolution without legal authority and violates Plaintiffs' substantive due process rights.

105.    Plaintiffs have no adequate remedy at law for this continuing violation of their constitutional rights.

106.    42 U.S.C. §1983 permits Plaintiffs to seek declaratory and injunctive relief and/or damages for deprivation of their constitutional rights.

107.    Plaintiffs are entitled to declaratory and injunctive relief as well as money damages, attorney's fees and costs, and all other appropriate relief to vindicate the City's violation of their substantive due process rights.

## COUNT V
## VIOLATION OF PROCEDURAL DUE PROCESS AND 42 U.S.C. § 1983

108.    Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs of this Complaint.

109.    The United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V, XIV.

110.    The Michigan Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. Mich. Const. art. 1, § 17.

111.    Procedural due process protects individuals from arbitrary and capricious government action by requiring fair procedures before the government acts.

112.    Procedural due process affords individuals the rights to notice and a hearing when the government deprives an individual of a constitutional right and/or liberty interest.

113.    Plaintiffs have the right under the Michigan and United States Constitutions to operate their businesses, use their property, and be free from arbitrary and capricious governmental interference.

114.    Plaintiffs have the right under the Michigan and United States Constitutions to engage in commercial activity and to do so without being treated unequally by the government.

115.    Plaintiffs have a recognized property right under the Michigan and United States Constitutions to have their short-term rental permit application processed in accordance with Ordinance 237.

116.    Plaintiffs have a significant interest in their property and the use of the property as a short-term rental.

117.    As such, Plaintiffs are entitled to reasonably calculated notice of Ordinance 237.

118.    Prior to the adoption of Ordinance 237, the City Mayor, John O'Donnell, commented at City Council meeting that a direct mailing will be sent to the property owners in New Buffalo to explain the process of Ordinance 237.

119.    After the adoption of Ordinance 237, the City sent direct mailings to *some* property owners who were operating short-term rentals advising them of Ordinance 237 and the process of how to apply for an obtain a short-term rental permit. However, the City did not send direct

mailings or any other notice to *all* property owners operating short-term rentals in New Buffalo Ordinance 237.

120.    Plaintiffs are among the property owners who did not receive any mailing from the City regarding Ordinance 237.

121.    The City first notified Plaintiffs of Ordinance 237 and the short-term rental permit requirement on January 4, 2021—630 days after Ordinance 237 was adopted.  At this time, the Moratorium was in effect and prevented Plaintiffs from obtaining a short-term rental permit.

122.    Upon information and belief, after the adoption of Ordinance 237, the City did not post the text of Ordinance 237 in a newspaper publication.

123.    The City deprived Plaintiffs of their property rights without due process of law as the City failed to afford Plaintiffs sufficient procedural safeguards, including but not limited to proper notice of Ordinance 237, hearing, and the right to an unbiased decision maker, before enforcing Ordinance 237 against Plaintiffs.

124.    Further, the City adopted Resolution 2020-11 imposing the Moratorium on Plaintiffs' right to apply for and obtain a short-term rental permit without providing Plaintiffs notice and opportunity to be heard.

125.    The City's adoption of the Moratorium violates the doctrine of legislative dignity and is therefore arbitrary and capricious.

126.    The City's adoption of the Moratorium violates the New Buffalo City Charter and is therefore arbitrary and capricious.

127.    The City's adoption of the Moratorium pursuant to its police power does not represent a reasonable exercise of discretion granted by state or federal law and is therefore arbitrary and capricious.

128.    By extending and allowing the Moratorium to continue, the City continues to deprive Plaintiffs of their property rights without due process of the law.

129.    42 U.S.C. §1983 permits Plaintiffs to seek declaratory and injunctive relief and/or damages for deprivation of their constitutional rights.

130.    Plaintiffs are entitled to declaratory and injunctive relief as well as money damages, attorney's fees and costs, and all other appropriate relief to vindicate the City's violation of their procedural due process rights.

## COUNT VI
## EQUAL PROTECTION AND 42 U.S.C. § 1983

131.    Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs of this Complaint.

132.    The Fourteenth Amendment of the United States Constitution and Article 1, §2 of the Michigan Constitution guarantee citizens equal protection of the laws.

133.    Plaintiffs were treated differently by the City from other similarly situated property owners who operate short-term rentals within the City's limits.

134.    During the Moratorium, the City accepted short-term rental applications and issued short-term rental permits to certain property owners who submitted their applications after the adoption of the Moratorium.

135.    Upon information and belief, one of those individuals was a City employee.

136.    The City failed to afford the same treatment to Plaintiffs.

137.    Specifically, Plaintiffs submitted their short-term rental application after the adoption of the Moratorium with all required documentation and payment, and the City refused to consider Plaintiffs' application and refused to issue Plaintiffs a short-term rental permit.

138.    There is no legitimate reason to treat Plaintiffs differently from similarly situated property owners who applied for and were issued short-term rental unit permits during the Moratorium. Accordingly, the City's practice violates Plaintiffs' right to equal protection of the law.

139.    42 U.S.C. §1983 permits Plaintiffs to seek declaratory and injunctive relief and/or damages for deprivation of their constitutional rights.

140.    Plaintiffs are entitled to declaratory and injunctive relief as well as money damages, attorney's fees and costs, and all other appropriate relief to vindicate the City's violation of their right to equal protection of the law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

a.    Grant a preliminary injunction that authorizes Plaintiffs to continue to peaceably operate their property as a lawful short-term rental or, in the alternative, enjoin the City from using the Moratorium as a means to unlawfully restrict Plaintiffs' right to apply for and be issued a short-term rental unit permit and require that the City immediately process Plaintiffs' short-term rental application;

b.    After the claims are adjudicated, declare that Ordinance 237 is unconstitutional as applied to Plaintiffs and permanently enjoin the City's enforcement against Plaintiffs;

c.    After the claims are adjudicated, and in the event the City adopts a zoning ordinance capping the number of short-term rentals allowed, declare that Plaintiffs were operating their short-term rental lawfully prior to the zoning ordinance enactment;

d.    After the claims are adjudicated, declare that Resolution 2020-11 and Resolution 2020-16 (and all extensions thereto which impose a moratorium on Plaintiffs'

ability to apply for and be issued a short-term rental unit permit by the City) are unconstitutional as applied and permanently enjoin the City's enforcement against Plaintiffs;

e.    After the claims are adjudicated, declare that Resolution 2020-11 and Resolution 2020-16 (and all extensions thereto which impose a moratorium on Plaintiffs' ability to apply for and be issued a short-term rental unit permit by the City) are void because the Resolutions violate the doctrine of legislative dignity and the New Buffalo City Charter;

f.    After the claims are adjudicated, declare that Resolution 2020-11 and Resolution 2020-16 (and all extensions thereto which impose a moratorium on Plaintiffs' ability to apply for and be issued a short-term rental unit permit by the City) are void as a result of the City's violation of the Michigan Open Meetings Act;

g.    Enter an award of ascertainable money damages in amount to be determined at trial;

h.    Pursuant to 42 U.S.C. § 1988, enter an award of reasonable attorney's fees and costs in favor of Plaintiffs; and

i.    Grant such other and further relief as the Court deems just and proper.

Dated:  February 12, 2021

          /s/ Daniel J. Hatch
Stephen A. Hilger (P44776)
Daniel J. Hatch (P79258)
Hilger Hammond
220 Lyon Street NW, Suite 410
Grand Rapids, MI  49503
(616) 458-3600

Attorneys for Plaintiffs